IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CARLOS GONZALEZ-MANJARREZ, | CASE NO. 1:25-CV-00571-CAB |
| Plaintiff, | |
| vs. | JUDGE CHRISTOPHER A. BOYKO<br>UNITED STATES DISTRICT JUDGE |
| WARDEN MISTY MACKEY, | MAGISTRATE JUDGE<br>JONATHAN D. GREENBERG |
| Defendant. | **REPORT & RECOMMENDATION** |

This matter is before the magistrate judge pursuant to Local Rule 72.2. Before the Court is the Petition of Carlos Gonzalez Manjarrez ("Gonzalez" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Gonzalez is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case *State of Ohio v. Carlos Gonzalez Manjarrez*, Cuyahoga County Common Pleas Court Case No. CR-18-625157-A. The undersigned recommends that the Petition be DENIED because it is time barred.

## I. Procedural History

### A. Trial Court Proceedings

On January 31, 2018, the Cuyahoga County Grand Jury issued an indictment charging Gonzalez with one count of aggravated murder in violation of § 2903.01(A), one count of murder in violation of § 2903.02(A), one count of murder in violation of § 2903.02(B), one count of felonious assault in violation of §2903.11(A)(1), and one county of felonious assault in violation of § 2903.11(A)(2). (Doc. No. 7-1, at 1.)

Gonzalez entered a plea of not guilty. (*Id*. at 2.)

On February 22, 2018, Gonzalez was referred to the court psychiatric clinic for a competency evaluation. (*Id*. at 3.)

The trial court held a competency hearing on March 27, 2018 and found Gonzalez incompetent to stand trial, "but there is a substantial probability of restoration to competency within the statutory time frame . . ." (*Id*. at 4.)

On May 24, 2018, Gonzalez requested an independent psychological evaluation. (*Id*. at 5.)

On August 18, 2028, Gonzalez was again referred to the court psychiatric clinic for a competency evaluation. (*Id*. at 8.)

On December 6, 2018, the trial court held a competency hearing, and both parties stipulated to a report that declared Gonzalez competent to stand trial. (*Id*. at 9.)

On January 24, 2019, the trail court referred Gonzalez to the court psychiatric clinic for a competency evaluation and sanity at the time of the act. (*Id*. at 10.)

On March 20, 2019, the trial court found Gonzalez incompetent to stand trial, but a substantial probability of restoration to competency within the statutory time frame. (*Id*. at 11.)

On November 4, 2019, Gonzalez moved for an independent psychological evaluation which the trail court granted. (*Id*. at 12.)

On January 13, 2020, Gonzalez was referred to the court psychiatric clinic for a sanity at the time of the act evaluation. (*Id*. at 13.)

On March 18, 2021, Gonzalez changed his plea to not guilty by reason of insanity. (*Id*. at 15.)

On September 17, 2021, the trial court advised Gonzalez of his constitutional rights and penalties and Gonzalez retracted his former plea and entered a plea of guilty to murder as charged in Count 2 of the indictment. (*Id*. at 16.) The trial court accepted Gonzalez's guilty plea and nolled Counts 1, 3, 4, and 5. (*Id*.) The trial court imposed a sentence of life with the possibility of parole in fifteen years. (*Id*.)

**B. Direct Appeal**

On April 17, 2024, Gonzalez, *pro se*, filed a Notice of Appeal and a Delayed Appeal by Leave of Court in a Criminal Case in the Cuyahoga County Court of Common Pleas. (*Id*. at 17-18.) The State filed an opposition and Gonzalez filed a reply. (Id. at 19-20.) On June 24, 2024, the appeal was dismissed. (*Id*. at 21-22.) The appellate court found Gonzalez failed to set forth a valid reason for failing to perfect a timely appeal. (*Id*. at 22.)

Following the dismissal, Gonzalez filed a Motion for Appointment of Counsel. (*Id*. at 23.) The appellate court denied the motion as moot on July 5, 2024. (*Id*. at 24.)

On July 1, 2024, Gonzalez filed another Notice of Appeal. (*Id*. at 25.) On July 8, 2024, the appellate court dismissed the appeal for failure to file a timely notice of appeal. (*Id*. at 26.)

Gonzalez did not file a timely or proper appeal to the Supreme Court of Ohio.

**C. Post-Conviction Filings**

On January 17, 2025, Gonzalez filed Petition for Post-Conviction-Relief Pursuant to R.C. 2953.21. (*Id*. at 27.) The State filed a response in opposition. (*Id*. at 28.) On January 24, 2025, the trial court denied the petition as untimely. (*Id*. at 29.) Gonzalez did not appeal.

**D. Federal Habeas Petition**

On March 19, 2025,[1] Gonzalez filed a Petition for Writ of Habeas Corpus in this Court and asserted the following grounds for relief:

> **GROUND ONE**: The Courts [sic] poor decision to let the petitioner enter in to [sic] a legal contract (a plea-deal) after being found judicially incompetent, violated the **Petitioners [sic] Fourth, Fourteenth, Sixed** [sic] **Amendments to Due Process.** The Court could not legally accept a plea

---

[1] Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities. *See Houston v. Lack*, 487 U.S. 266 (1988). Petitioner signed the Petition on March 6, 2025, and did not state when he delivered the Petition to prison authorities. The Petition herein did not arrive at the Court for filing until March 21, 2025, however, the mailing envelope was stamped with U.S. postage on March 19, 2025. (Doc. No. 1-6.) Thus, the Court will consider the Petition as filed on March 19, 2025.

> deal without first having a hearing to weather [sic] competency has been restored. This was contrary to, and involved an unreasonable application of clearly established Federal Law, as determined by the Supreme Court of the United States. It also resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings
>
> **GROUND TWO**: There was an ineffective assistance of council when the attorney talked the Petitioner in to taking a plea deal when the Attorney knew the Petitioner had been found incompetent. The incompetence of the Attorney violated the Petitioners [sic] **Fourth, Fourteenth, Sixth Amendments to Due Process.** This was contrary to, and involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States. It also resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings.

(Doc. No. 1.)

On July 7, 2025, Warden Misty Mackey ("Respondent") filed her Return of Writ. (Doc. No. 7.) Gonzalez filed a Traverse on July 22, 2025. (Doc. No. 8.) Respondent filed Sur-Reply to Traverse. (Doc. No. 9.)

## II. Law and Argument

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year limitations period in a habeas action brought by a person in custody pursuant to the judgment of a State court. Under 28 U.S.C. § 2244(d)(1), the limitation period runs from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### B. One-Year Limitation

As there is no indication that § 2244(d)(1)(B)-(D) apply here, Gonzalez's AEDPA's one year limitation period runs from "the date on which [his] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Judgment was entered September 17, 2021. (Doc. No. 7-1 at 16.) Gonzalez did not file a timely direct appeal and his deadline to do so expired on October 18, 2021. Ohio App. R. 4(A)(1); Ohio App. R. 14(A). His sentence became "final" for purposes of § 2244(d)(1)(A) on October 19, 2021. The habeas limitations period commenced on October 19, 2021, and ended on October 19, 2022.

### C. Statutory Tolling

As this Court noted in *Jacobs v. Forshey*, No. 5:21-CV-02332-BYP, 2023 WL 5311014, at *5 (N.D. Ohio July 25, 2023), *report and recommendation adopted,* No. 5:21CV2332, 2023 WL 5309919 (N.D. Ohio Aug. 17, 2023):

> AEDPA tolls the one-year limitations period during the time "'a properly filed application for State postconviction or other collateral review . . . is pending.' § 2244(d)(2)." *Evans v. Chavis*, 546 U.S. 189, 191, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006); *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003) A timely filed state post-conviction matter, however, cannot serve to toll a statute of limitations which has already expired before the motion was filed. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Section 2244(d)(2)'s tolling provision "does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted). Further, if a state court ultimately denies a petition as untimely, that petition was neither properly filed nor pending and a petitioner would not be entitled to statutory tolling. *See Monroe* at *2; *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).

A review of the record reveals Gonzalez filed a notice of appeal in 2024, nearly two years after the AEDPA statute of limitations expired. (Doc. No. 7-1, at 17-18.) Gonzalez filed a Petition for Post-Conviction Relief on January 17, 2025, more than two years after the AEDPA statute of limitations expired. (*Id*. at 27.) As noted, state collateral review proceedings can no longer serve to avoid the statute of limitations bar once the limitations period is expired. *See Vroman*, 346 F.3d at 602. Because Gonzalez did not file anything with the state court until well after the limitations period expired, his filings did not have any further tolling effect.

As the statutory limitations period expired on October 19, 2022, and Gonzales did not file his habeas petition until March 19, 2025, the Court find the Petition is almost 3 years late and is untimely under § 2244(d)(1)(A). Therefore, unless equitable tolling is appropriate, Gonzalez's Petition should be dismissed as time barred. § 2244(d)(1)(B)-(D).

**D. Equitable Tolling**

This Court explained equitable tolling as follows:

> The AEDPA statute of limitations is subject to equitable tolling. *Holland v. Florida,* 560 U.S. 2549, 2560, 2562 (2010). Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010). *See also Hall v. Warden, Lebanon Correctional Institution*, 662 F.3d 745, 749 (6th Cir. 2011). However, the equitable tolling doctrine is granted by courts only "sparingly." *See Robertson*, 624 F.3d at 784. Moreover, "although 'the party asserting statute of limitations as an affirmative defense has the burden of demonstrating that the statute has run,' the petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir.2011)(quoting *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).
>
> A habeas petitioner is entitled to equitable tolling only if he establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotations omitted). It is [Petitioner's] burden to establish his entitlement to equitable tolling. *See Reed v. Smith*, No. 5:17-CV-P51-TBR, 2017 WL 2663693, at *2 (W.D. Ky. June 20, 2017)

> (declining to review equitable tolling where it did not appear that petitioner made an equitable tolling argument). The Sixth Circuit has repeatedly held that "ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991). *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Allen v. Bell*, 250 Fed. Appx. 713, 716 (6th Cir. 2007); *Taylor v. Palmer*, 623 Fed. Appx. 783, 789 (6th Cir. 2015). *See also Johnson v. United States*, 544 U.S. 295, 311, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005) ("[w]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); *Patrick v. Bunting*, 2015 WL 10488878 at * 9 (N.D. Ohio Dec. 29, 2015). Moreover, courts within this Circuit have found a petitioner's *pro se* status, lack of legal training, poor education, and/or limited law-library access, standing alone, are similarly insufficient. *See e.g., Hall*, 662 F.3d at 751 (petitioner's *pro se* status, limited law-library access and lack of access to trial transcript were not sufficient to warrant equitable tolling); *Keeling*, 673 F.3d at 464 ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse his late filing"); *Burden v. Bunting*, 2016 WL 5417834 at * 6 (N.D. Ohio July 15, 2016) ("Courts have uniformly held that neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute extraordinary circumstances justifying equitable tolling"); *Johnson v. LaRose*, 2016 WL 5462635 at * 10 (N.D. Ohio July 8, 2016) ("A petitioner's *pro se* status and his unawareness of the law provide no basis for equitable tolling").

*Jacobs*, 2023 WL 5311014, at *6.

Gonzalez filed a Traverse yet made no argument that he is entitled to equitable tolling. (See Doc. No. 8.) Further, the state court record does not suggest diligence or extraordinary circumstances. Accordingly, equitable tolling does not apply.

**E. Actual Innocence**

Since Gonzalez is not entitled to statutory or equitable tolling, his petition is time-barred unless he can demonstrate he is entitled to actual innocence tolling. In *McQuiggin v. Perkins*, — U.S. —, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013), the United States Supreme Court held that actual innocence, if proven, may overcome the expiration of AEDPA's one-year statute of limitations. The Court noted that a claim of actual innocence is not a request for equitable tolling but, rather, a request for an equitable exception to § 2244(d)(1). *Id*. at 1931.

"[A]ctual innocence means factual innocence, not mere legal insufficiency." *Rizk v. United States*, No. 22-3834, 2023 WL 5275505, at *2 (6th Cir. Feb. 27, 2023), citing *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)); *see also Harvey v. Jones*, 179 F. App'x 294, 298-99 (6th Cir. 2006) (noting that a claim of legal innocence does not satisfy the actual-innocence standard) (collecting cases). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Here, Gonzalez does not identify any new evidence, much less new and reliable evidence demonstrating that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 133 S.Ct. at 1928. Moreover, his declaration of guilt carries a presumption of truthfulness. *Henderson v. Morgan*, 426 U.S. 637, 648, 96 S. Ct. 2253, 2259, 49 L. Ed. 2d 108 (1976). Accordingly, the Court finds Gonzalez has not demonstrated he is entitled to the actual innocence exception.

In sum, the undersigned finds Gonzalez's Petition is time-barred and he has not demonstrated that that time-bar should be excused.[2]

## III. Conclusion

For all the reasons set forth above, it is recommended that the Petition be DENIED.

Date: August 21, 2026

*s/ Jonathan Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge

[2] Respondent also argues that Gonzalez's grounds for relief are procedurally defaulted and fail on the merits. Because Gonzalez's petition is time-barred, the undersigned has not considered those additional arguments.

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).**